IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

FILED
7/9/2019
Clerk, U.S. District Court
District of Montana
Helena Division

| | |
|---|---|
| LL LIQUOR, INC., d/b/a Lolo Liquor, a Montana corporation,<br><br>                Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA; STEVE BULLOCK, in his official capacity as the Governor of Montana; MONTANA DEPARTMENT OF REVENUE; MIKE KADAS, in his official capacity as the Director of the Montana Department of Revenue; and JOHN DOES I-X,<br><br>                Defendants. | No. CV 15-71-H-SEH<br><br>ORDER |

On June 18, 2019, the Court issued an Order requiring, inter alia, that a proposed final pretrial order be filed on or before August 2, 2019.[1]

On July 3, 2019, the parties filed a joint notice to the Court that included a "[j]oint request to move [the] pretrial order and related deadlines to September 20, 2019."[2]

---

[1] Doc. 94 at 2.

[2] Doc. 97 at 2.

ORDERED:

1. This order supersedes and replaces paragraphs 5-8 of the Court's June 18, 2019, Order.[3]

2. On or before September 20, 2019, the parties shall file a proposed final pretrial order. A copy shall be provided to Chambers, 901 Front Street, Suite 3100A, Helena, Montana, 59626. The proposed final pretrial order must comply with the provisions of Fed. R. Civ. P. 26(a)(3)(A) and L.R. 16.4. **All attached lists must be in portrait orientation.**

2. The proposed final pretrial order supersedes all prior pleadings and may not be amended except by leave of Court.

3. Objections to exhibits, deposition testimony, or the use of other discovery to be offered at trial (e.g. interrogatories and responses to requests for admission) shall be included within the final pretrial order and shall state specific grounds for all objections. *See* L.R. 16.4. Objections not stated are waived. *See* L.R. 16.4(b)(5). Exhibits shall be filed in compliance with paragraph 4 of this Order.

No later than the date of filing of the proposed pretrial order, each party shall file and provide to Chambers:

---

[3] Doc. 94 at 2–5.

a. The complete transcript of each deposition, any portion of which is to be offered at trial.

b. Complete copy sets of all interrogatories served by the party.

c. Complete copy sets of all answers to interrogatories received from any party, if any portion of such answers are to be offered at trial.

d. Complete copy sets of each request for admission and of each response thereto to be offered at trial.

e. Complete copy sets of all requests for production served by a party and complete copy sets of all responses to requests for production, if any portion of such responses are to be offered at trial.

**All responses to discovery to be offered as evidence at trial, in order to be considered for admission as evidence at trial, must satisfy the requirements for admissibility as evidence under the Federal Rules of Evidence.**

4. <u>Exhibits:</u>

a. Exhibits are to be bound in a loose-leaf binder and exchanged with opposing counsel prior to the filing of the pretrial order.

b. Each exhibit shall bear an extended tab showing the number of the exhibit.

c. Each exhibit document shall be paginated, including any attachments. Plaintiff's exhibits shall be numbered 1 up to 500. Defendants' exhibits shall be numbered 501 and up. All exhibits shall be numbered in chronological sequence. **Any exhibits from depositions to be offered at trial shall be labeled with a trial exhibit number only**.

d. Exhibits shall not be duplicated.

e. Exhibits shall be filed in the electronic record.

f. The original of document exhibits shall be delivered to the Clerk of Court on or before **September 20, 2019.**

g. A copy of exhibits shall be mailed to Chambers, 901 Front Street, Suite 3100A, Helena, Montana, 59626, on or before **September 20, 2019.**

h. The parties are expected to use the Court's available evidence presentation technology for exhibit display.

i. *Audio or video electronic exhibits must be in a format compatible with the evidence presentation technology. Parties may contact the Clerk's office for technical assistance.*

5. This order may be supplemented if necessary and appropriate to

address issues remaining for the Court's consideration.

DATED this 9th day of July, 2019.

SAM E. HADDON
United States District Judge