IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| LL LIQUOR, INC., d/b/a Lolo Liquor, a Montana corporation,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA; STEVE BULLOCK, in his official capacity as the Governor of Montana; MONTANA DEPARTMENT OF REVENUE; MIKE KADAS, in his official capacity as the Director of the Montana Department of Revenue; and JOHN DOES I-X,<br><br>Defendants. | No. CV 15-71-H-SEH<br><br>ORDER |

FILED 11/27/2019
Clerk, U.S. District Court
District of Montana
Helena Division

## BACKGROUND

This case arises from an Agency Franchise Agreement[1] (the "Contract") between Plaintiff LL Liquor, Inc., ("Lolo Liquor") and Defendant the State of Montana Department of Revenue. In 2015, the Montana Legislature amended the commission rate for all agency franchise liquor stores, including the agreement

---

[1] Doc. 5-1.

between Lolo Liquor and the State.[2] Lolo Liquor brought this action under the contract clauses of the United States and Montana Constitutions.[3]

A settlement conference was held on August 29, 2019.[4] "The parties settled the issues of compensatory damages, attorney fees, pre-judgment interest, and costs."[5] The sole issue remaining before the Court is a dispute over post-judgment interest.[6] Briefing on the issue was ordered.[7] Simultaneous briefs were filed.[8] None addressed whether 28 U.S.C. § 1961 applied to the post-judgment interest issue. Additional briefs ordered by the Court were filed.[9] A hearing was held on November 26, 2019.[10]

---

[2] *See* Doc. 8-2.

[3] *See* Doc. 8.

[4] *See* Doc. 99 at 2.

[5] Doc. 99 at 1.

[6] *See* Doc. 99 at 6.

[7] *See* Doc. 100.

[8] *See* Docs. 101, 103, 104, and 105.

[9] *See* Docs. 106, 107, and 108.

[10] *See* Doc. 110.

## DISCUSSION

The parties contend that Montana statutory interest rates should apply to the judgment in this Court notwithstanding the clear mandate of 28 U.S.C. § 1961.[11]

Plaintiff asserts that post-judgment interest should be calculated at the Montana statutory interest rate in Mont. Code Ann. § 18–1–404(1)(b)[12] and that the Contract "expressly mandates" the parties' agreement to apply the Montana rate.[13]

Defendants likewise argue that the parties agreed to the application of Montana law, but contend that under Mont. Code Ann. § 2–9–317, Defendants have a two-year grace period to pay the judgment before interest begins to accrue.[14] Both arguments are contrary to applicable federal law. Plaintiff is entitled to post-judgment interest at the rate established in 28 U.S.C. § 1961.

---

[11] *See* Docs. 107 and 108.

[12] *See* Doc. 107.

[13] Doc. 107 at 4.

[14] *See* Doc. 108.

## I. Post-Judgment Interest

"It has long been the rule that an award of post-judgment interest is procedural in nature and thereby dictated by federal law."[15] The post-judgment interest rate is governed by 28 U.S.C. § 1961, which provides for the "mandatory award of post-judgment interest 'on any money judgment in a civil case recovered in a district court,'"[16] unless the parties contractually agree to waive its application.[17] "[T]o contract around the otherwise mandatory provisions of § 1961, there must be a 'specific agreement' 'on this specific issue.'"[18]

The post-judgment interest in this case is interest on a "money judgment in a civil case recovered in a district court."[19] The parties had no specific agreement as to the issue of post-judgment interest sufficient to manifest an intent to override § 1961.

---

[15] *In re Cardelucci*, 285 F.3d 1231, 1235 (9th Cir. 2002) (citing *Hanna v. Plumer*, 380 U.S. 460, 473–74 (1965)); *see also James B. Lansing Sound, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 801 F.2d 1560, 1570 (9th Cir. 1986) ("Post-judgment interest is determined by federal law.").

[16] *Planned Parenthood of the Columbia/Willamette, Inc. v. Am. Coal. of Life Activists*, 518 F.3d 1013, 1017 (9th Cir. 2008) (quoting *Ford v. Alfaro*, 785 F.2d 835, 842 (9th Cir. 1986) and 28 U.S.C. § 1961(a)).

[17] *See Oreo Corp. v. Winnerman*, 642 Fed. App'x 751, 755 (9th Cir. 2016).

[18] *Oreo Corp.*, 642 Fed. App'x at 755 (quoting *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1023 (9th Cir. 2004)).

[19] 28 U.S.C. § 1961(a).

The Contract provides, under a heading titled "VENUE AND APPLICABLE LAW," that it "shall be interpreted in accordance with the laws of Montana."[20] This provision is no more than a general choice-of-law statement—it makes no reference to interest rates, nor does it reveal any agreement between the parties on the specific issue.

Although Montana law applies when *interpreting* the Contract, without more this statement does not demonstrate that the parties intended to waive application of § 1961.[21] No provision of the Contract contained language expressly referencing post-judgment interest, a specific interest rate, or a waiver of § 1961. Plaintiff is entitled to post-judgment interest at the rate established in 28 U.S.C. § 1961.

## II. Calculation of Post-Judgment Interest Rate

Interest awarded under § 1961 "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve

---

[20] Doc. 108-1 at 14.

[21] *See Fid. Fed. Bank, FSB*, 387 F.3d at 1023 (determining that choice-of-law clause, without any reference to interest rates, evinced no agreement between the parties to apply state statutory interest rate to post-judgment interest and therefore failed to waive application of § 1961).

-5-

System, for the calendar week preceding[ ] the date of the judgment."[22] "Interest shall be computed daily to the date of payment . . . and shall be compounded annually."[23]

Here, the parties have stipulated to entry of judgment against Defendants for $5,000,000 plus interest.[24] The parties further agree that "the interest shall begin to accrue on October 1, 2019."[25] The weekly average one-year constant maturity treasury yield for the calendar week preceding October 1, 2019, was 1.79%.[26]

## CONCLUSION

Judgment shall be entered in favor of Plaintiff and against Defendants in the amount of $5,000,000 plus interest as provided by 28 U.S.C. § 1961 from October 1, 2019, to the date of payment.

---

[22] 28 U.S.C. 1961(a) (2012).

[23] 28 U.S.C. 1961(b) (2012).

[24] *See* Doc. 99 at 2.

[25] Doc. 99 at 6.

[26] *See* Doc. 108 at 6–7; Doc. 108-2; Board of Governors of the Federal Reserve, *Data Download Program*, https://www.federalreserve.gov/datadownload/Choose.aspx?rel=H15 (accessed Nov. 26, 2019).

ORDERED:

Plaintiff LL Liquor, Inc., is awarded judgment against Defendants State of Montana, Governor Steve Bullock, Montana Department of Revenue, and Director Mike Kadas in the principal amount of $5,000,000.00 USD. Post-judgment interest will accrue at 1.79% from and after October 1, 2019, until the judgment is satisfied.

DATED this 27th day of November, 2019.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge